UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FIRST SPECIALTY INSURANCE CORP.,

                Plaintiff,                NOT FOR PUBLICATION
 -against-                            **MEMORANDUM & ORDER**
                                            10-CV-2559 (CBA) (RER)
DIONTECH CONSULTING, INC. et al.,

                Defendants.
------------------------------------------------------------------x

**AMON, Chief United States District Judge:**

       First Specialty Insurance Corp. ("First Specialty") seeks a declaratory judgment that it is not obligated to defend or indemnify defendant Diontech Consulting, Inc. ("Diontech") in connection with two lawsuits presently pending in New York state court. Currently before the Court are (1) First Specialty's motion for a default judgment against seven defendants named in this action who have not answered or otherwise responded to the complaint; and (2) First Specialty's motion for summary judgment against the remaining five defendants who have answered the complaint, only one of whom opposes the motion. For the foregoing reasons, the Court grants both motions.

## BACKGROUND

       Defendant Dimitry Tverskoy owns a piece of property in Brooklyn, New York ("Tverskoy property"), adjacent to which is a piece of property owned by defendants Michael Riskevich and Sandy Volis-Riskevich (the "Riskeviches"). The remaining defendants, including Diontech, are all construction firms or architects who performed work on the Tverskoy property (collectively, "the construction firm defendants"). Precisely when that work was performed is the subject of this litigation.

1

First Specialty is an insurance company from which Diontech purchased a liability insurance policy that provided coverage for a period beginning December 24, 2002 and ending December 24, 2003.

In 2005, the Riskeviches filed a lawsuit in New York state court against Tverskoy and some of the construction firm defendants, alleging that the construction work at the Tverskoy property caused substantial damage to the Riskevich property ("Riskevich lawsuit").[1] Tverskoy impleaded the remaining construction defendants, including Diontech. Then, in 2006, Tverskoy himself filed suit against some of the construction firm defendants, including Diontech, seeking damages caused by the negligent performance of construction work on his property ("Tverskoy lawsuit").[2]

After Tverskoy impleaded Diontech in the Riskevich lawsuit, a third-party claim administrator sent Diontech a reservation of rights letter on behalf of First Specialty, in which First Specialty reserved the right to disclaim coverage for liability incurred in connection with the state court litigations if, among other things, Diontech incurred liability for property damage that occurred outside of the policy period (i.e. before December 24, 2002 or after December 24, 2003). In November 2009, First Specialty sent Diontech a supplemental reservation of rights letter in which it asserted its belief that the work at the Tverskoy property did not commence until about April 2004—after the expiration of the coverage period—and that, because the property damage at issue in the state court lawsuits therefore must have occurred outside the

---

[1] This case is pending in the Supreme Court of New York, Kings County, under the caption Michael Riskevich & Sandy Volis-Riskevick v. Dimitry Tverskoy, Alex & Tom Construction & Renovations. Inc. & John Doe & Jane Doe & ABC Corp., Index No. 37066/2005.

[2] This case is pending in the Supreme Court of New York, Kings County, under the caption Dimitry Tverskoy v. Liquid Sky Co., A.G.E. Equip. & Excavation LLC, Diontech Consulting, Inc., Alex & Tom Construction & Renovations. Inc., Zaretsky Architects, P.C. & Alexander Zaretsky, Index No. 20056/2006.

policy period, First Specialty had no obligation to defend or indemnify Diontech in connection with those lawsuits.

On June 4, 2010, First Specialty initiated this action "seeking a judgment that [First Specialty] is not responsible for the defense and indemnification of Diontech Consulting, Inc. in the Riskevich lawsuit and the Tverskoy lawsuit." (Compl. ¶ 5.) The complaint alleges that discovery in the Riskevich lawsuit revealed that no work began on the Tverskoy property until May 2004 and that Diontech did not begin work on the Tverskoy property until September 2004. (Compl. ¶¶ 32-33.) Thus, First Specialty alleges that the property damage at issue in the state court lawsuits occurred outside the policy period. (Compl. ¶ 46.)

Only Tverskoy answered the complaint. (DE#9.) First Specialty moved for an entry of default against the eleven defendants who did not answer the complaint. (DE#19.) The Clerk of Court entered the default of those defendants on December 21, 2010. First Specialty then requested a pre-motion conference to discuss a motion for summary judgment against Tverskoy (who did not anticipate opposing the motion) and for a default judgment against the eleven other defendants. (DE#22.)

The Court held a telephone pre-motion conference on January 25, 2011, at which counsel appeared for First Specialty and for Tverskoy. In addition, counsel appeared for defendants Alex & Tom Construction and Renovations, Inc., Zaretsky Architect P.C., Alexander Zaretsky, and Liquid Sky Co., Inc. ("Liquid Sky")—none of whom had answered the complaint. Counsel for these defendants explained that, although their clients had been served with the papers in this lawsuit, their clients erroneously believed the papers related to the state court actions and therefore did not pass them along to counsel for review. Counsel for the defendants suggested

that First Specialty could easily have informed them of this litigation, but failed to do so without justification. They asked for an opportunity to defend themselves in this action.

The Court vacated the default judgments against the four defendants who appeared at the pre-motion conference, and each of those defendants subsequently answered the complaint. (DE#28-30.) The Court also granted Diontech ten days to move to vacate the entry of default against it, although there was some discussion at the pre-motion conference of the fact that Diontech was no longer in business or no longer locatable. Diontech never moved to vacate the default entered against it.

First Specialty then filed the instant motions, seeking (1) a default judgment against the seven parties who have not answered the complaint, and (2) summary judgment against the five non-defaulting defendants. Of the five non-defaulting defendants, only Liquid Sky opposes the motion for summary judgment.

## DISCUSSION

### I. First Specialty's motion for a default judgment

The Court considers first the motion for a default judgment against the seven defendants who have not answered the complaint or otherwise appeared in this action: the Riskeviches, Diontech, Jimmy Mazza & Son Construction, Inc., Jimmy Mazza & Son Construction Corp., AGE Equipment and Excavation, Inc., and AGE Equipment and Excavation, LLC.

#### a. Relevant law

Federal Rule of Civil Procedure 55 provides a two-step process for obtaining a default judgment. Priestley v. Headminder, Inc., 647 F.3d 497, 504 (2d Cir. 2011). First, the Clerk of Court enters a party's default on the record of the case. Fed. R. Civ. P. 55(a). Second, if the plaintiff's claim is for a sum certain, the Clerk may enter a default judgment against a defendant

4

who fails to appear. Fed. R. Civ. P. 55(b)(1). In all other cases, including a declaratory judgment action, the plaintiff must apply to the district court for entry of a default judgment. Fed. R. Civ. P. 55(b)(2).

A party is not entitled to a default judgment as a matter of right simply because its adversary fails to answer or otherwise respond to a complaint. Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993). Instead, the resolution of a motion for a default judgment is "left to the sound discretion of the district court." Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011). The Second Circuit has identified three considerations as especially relevant to the question of whether entry of a default judgment is appropriate: (a) the willfulness of the default; (b) the existence of a meritorious defense; and (c) the level of prejudice that the non-defaulting party may suffer should the motion be denied. Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001); Rodriguez, 784 F. Supp. 2d at 114.

When a district court believes a default judgment is warranted, the Court must then determine what if any relief the moving party is entitled to. In making this determination, the Court accepts factual allegations as true, draws all reasonable inferences in the moving party's favor, and determines whether the allegations establish liability as a matter of law. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of [the defendant's] default, a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor.").

**b. Application**

Turning to the facts of this case, the Court finds that a default judgment is warranted and that First Specialty is entitled to declaratory relief against the seven defendants who have failed to appear in this action.

First, a default judgment is appropriate in this case. The parties against whom a default judgment is sought were served with the complaint in this action and have not answered or otherwise appeared. The Clerk of Court has entered a default against them. No good reason for their failure to defend this action is apparent, and the Court therefore deems their default willful. See Am. Home Mortg. Corp. v. America's Choice Mktg, Inc., 2008 WL 919598, at *3 (E.D.N.Y. 2008) ("Defendant's failure to respond to the Complaint sufficiently demonstrates willfulness."). The Court sees no meritorious defense to this declaratory judgment action, and First Specialty would be prejudiced by a denial of this motion, as there are no other means by which it could secure a declaration of its rights as to these parties. First Mercury Ins. Co. v. Schnabel Roofing of Long Island, Inc., 2011 WL883757, at *2 (E.D.N.Y. 2011). No other considerations render a default judgment inappropriate.

Second, taking the allegations in the complaint as true, First Specialty is entitled to relief as a matter of law. Under New York law, which applies to this dispute, an insurer has no duty to indemnify or defend an insured if the insurer can demonstrate "as a matter of law that there is no possible factual or legal basis on which it might be obligated to indemnify its insured under any policy provision." Allstate Ins. Co. v. Zuk, 78 N.Y.2d 41, 45 (1995). First Specialty alleges that it sold Diontech an insurance policy that expired on December 24, 2003 and that, pursuant to the plain terms of the agreement, the policy did not provide coverage for property damage that occurred after expiration of the coverage period. Those allegations are consistent with the policy

provided to the Court. First Specialty further alleges that no work on Tverskoy's property began—and thus no property damage that is the subject of the Riskevich and Tverskoy lawsuits occurred—until after the coverage period expired.

These allegations, taken as true, entitle First Specialty to a declaratory judgment against the defaulting parties that First Specialty is not responsible for the defense and indemnification of Diontech in connection with either the Riskevich lawsuit or the Tverskoy lawsuit.

## II. First Specialty's motion for summary judgment

The Court now considers First Specialty's motion for summary judgment against the five non-defaulting defendants: Tverskoy, Alex & Tom Construction and Renovations, Inc., Zaretsky Architect P.C., Alexander Zaretsky, and Liquid Sky.

Summary judgment is appropriate where the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party bears the initial burden of showing why it is entitled to summary judgment." Salahuddin v. Goord, 467 F.3d 263, 273 (2d Cir. 2006). However, "[t]o survive summary judgment 'the nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" Niagara Mohawk Power Corp. v. Jones Chem. Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact," and "[t]he mere existence of a scintilla of evidence supporting the non-movant's case is also insufficient to defeat summary judgment." Id. (internal quotation marks omitted).

Having reviewed the materials submitted by the parties, the Court concludes that First Specialty has satisfied its initial burden of showing that it is entitled to summary judgment.

7

There is no dispute that First Specialty has no obligation to defend or indemnify Diontech in connection with any property damage that occurred after December 24, 2003. First Specialty has submitted the following documents in support of its claim that the property damage at issue in the underlying state court litigations occurred after that date:

- A letter from counsel for the Riskeviches to Susan Hinkson, Commissioner of the New York Department of Buildings, dated May 12, 2004, in which counsel complains about construction on the Tverskoy property that "began last month," i.e. April 2004. (Pl.'s 56.1 Stmt. Ex. G.)

- A letter from counsel for the Riskeviches to Hinkson, dated May 25, 2004, in which counsel complains about construction on the Tverskoy property and states that his "clients informed [him] that approximately two months ago [i.e. March 2004] their next door neighbor . . . approached them with intent to construct a building that would be immediately adjacent to their land." (Pl.'s 56.1 Stmt. Ex. H.) This letter also states that a review of the Department of Buildings' records reveals that in February 2004 Tverskoy's efforts to begin construction were stopped but that "on May 25, 2004, my clients informed me that a shorting wall was constructed on the adjacent property." (Id.)

- A verified bill of particulars, filed by Tverskoy through counsel in the Riskevich lawsuit, in which Tverskoy states that the contested work and subsequent damage to his real property commenced on or about May 2004. (Pl.'s 56.1 Stmt. Ex. I.)[3]

The Court notes that First Specialty has not submitted any deposition testimony or affidavits from individuals with first-hand knowledge about when construction on the Tverskoy property began, or when the property damage occurred. Instead, First Specialty relies on the statements made in the above-listed documents to establish when construction began—some of which might constitute hearsay evidence that the Court typically does not consider at summary judgment. See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 924 (2d Cir. 1985) (holding that plaintiff "cannot rely on inadmissible hearsay evidence in opposing

---

[3] First Specialty also has submitted a copy of the reservation of rights letter sent to Diontech on November 18, 2009, stating that First Specialty learned from various sources, including Diontech itself, that construction did not begin on the Tverskoy property until after the expiration of the policy period. (Pl.'s 56.1 Stmt. Ex. J.)

8

a motion for summary judgment"). Notwithstanding this concern, however, the Court is not inclined to deny the motion for summary judgment for the following reasons.

First, although there is authority for the proposition that hearsay evidence cannot be considered at the summary judgment stage of litigation, such evidence may be considered if admissible evidence would be available at trial. See Burlington, 769 F.2d at 924; Vitrano v. State Farm Ins. Co., 2009 WL 3365866, at *4 (S.D.N.Y. 2009) (citing Burlington, 769 F.2d at 924); Salerno v. City Univ. of N.Y., 2003 WL 22170609, at *2 n.5 (S.D.N.Y. 2003) (holding that the "the fact that the evidence is presented in the form of a letter is not an adequate basis to preclude its consideration on summary judgment" because the author could take the stand at trial and testify). In this case, there is no reason to believe that admissible evidence about the date construction began would be unavailable at trial, either in the form of testimony from Tverskoy and the Riskeviches, or records from the Department of Buildings showing that Tverskoy attempted to begin work in February 2004.

More significant is the fact that no defendant in this action has "come forward with specific facts showing that there is a genuine issue for trial." Niagara Mohawk, 315 F.3d at 175. Only Liquid Sky opposes First Specialty's motion for summary judgment and its opposition brief and supporting affidavit (which together are under seven pages in length) wholly fail to engage the facts of this case. As to the date of the property damage, Liquid Sky avers only that "plaintiff submits documents which have no probative value" and that "plaintiff has not provided . . . any evidence of when the occurrence happened in admissible form." (Napoli Aff. ¶¶ 8-9.) These are just the sort of "conclusory allegations" that "are insufficient to create a genuine issue of fact." Niagara Mohawk, 315 F.3d at 175. Liquid Sky does not point to a single record fact indicating that construction began on the Tverskoy property prior to December 24, 2003. Instead, Liquid

Sky's primary argument in opposition to summary judgment (which also is asserted in very general and conclusory terms) appears to be that summary judgment is inappropriate because there is some possibility that Liquid Sky is an "additional insured on plaintiff's policy." (Napoli Aff. ¶ 5.) Liquid Sky offers no explanation—and the Court cannot think of one— as to why this contention is relevant to First Specialty's claim that it is entitled to a declaratory judgment regarding its contractual obligations to Diontech.

On this record, the Court finds that no genuine issue of fact exists as to whether the property damage that is the subject of the Riskevich and Tverskoy lawsuits occurred outside of the time period covered by Diontech's insurance policy with First Specialty. Accordingly, First Specialty is entitled to summary judgment against the non-defaulting defendants.

## CONCLUSION

The Court grants First Specialty's motion for a default judgment against defendants Michael Riskevich, Sandy Volis-Riskevich, Diontech, Jimmy Mazza & Son Construction, Inc., Jimmy Mazza & Son Construction Corp., AGE Equipment and Excavation, Inc., and AGE Equipment and Excavation, LLC. The Court further grants First Specialty's motion for summary judgment against defendants Tverskoy, Alex & Tom Construction and Renovations, Inc., Zaretsky Architect P.C., Alexander Zaretsky, and Liquid Sky.

The Court hereby declares, as to all defendants, that plaintiff First Specialty Insurance Corp. is not obligated to defend or indemnify Diontech Consulting, Inc. in connection with the lawsuit currently pending in New York Supreme Court, Kings County, under the caption <u>Michael Riskevich & Sandy Volis-Riskevick v. Dimitry Tverskoy, Alex & Tom Construction & Renovations. Inc. & John Doe & Jane Doe & ABC Corp.</u>, Index No. 37066/2005. The Court further declares that plaintiff First Specialty Insurance Corp. is not obligated to defend or

indemnify defendant Diontech Consulting, Inc. in connection with the lawsuit currently pending in New York Supreme Court, Kings County, under the caption <u>Dimitry Tverskoy v. Liquid Sky Co., A.G.E. Equip. & Excavation LLC, Diontech Consulting, Inc., Alex & Tom Construction & Renovations. Inc., Zaretsky Architects, P.C. & Alexander Zaretsky</u>, Index No. 20056/2006.

The Clerk of Court is directed to enter a declaratory judgment in accordance with this order and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
March 7, 2012

/s/
Carol Bagley Amon
United States District Judge